**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**ERIN L. BERGER**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**ROBERT J. HENKE**
Department of Child Services
Central Administration
Indianapolis, Indiana

**MARY JANE HUMPHREY**
DCS, Vanderburgh County Office
Evansville, Indiana

**FILED**

May 23 2013, 9:36 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN THE MATTER OF THE INVOLUNTARY TERMINATION OF THE PARENT-CHILD RELATIONSHIP OF P.M., A.T., & A.P., MINOR CHILDREN, AND THIER MOTHER, S.T., | ) ) ) ) ) ) |
| S.T., | ) ) |
|     Appellant-Respondent, | ) ) |
|       vs. | ) No. 82A01-1212-JT-548 ) |
| INDIANA DEPARTMENT OF CHILD SERVICES, | ) ) ) |
|     Appellee-Petitioner. | ) |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Brett J. Neimeier, Judge
Cause Nos. 82D01-1110-JT-135, 82D01-1110-JT-136, 82D01-1110-JT-137

**May 23, 2013**

**BRADFORD, Judge**

Appellant-Respondent S.T. ("Mother") appeals the juvenile court's order terminating her parental rights to P.M., A.T., and A.P. As the Department of Child Services ("DCS") concedes, it failed to satisfy the jurisdictional requirements of Indiana Code section 31-35-2-4(b)(2)(A). Consequently, we reverse the judgment of the juvenile court.

## FACTS AND PROCEDURAL HISTORY

On March 1, 2011, P.M., A.T., and A.P. ("the Children") were removed from Mother after she tested positive for several drugs. On March 16, 2011, the juvenile court adjudicated the Children to be CHINS. On October 26, 2011, DCS filed petitions to terminate Mother's parental rights to the Children. On October 10, 2012, the juvenile court issued an order terminating Mother's parental rights to the Children.

## DISCUSSION AND DECISION

In order to involuntarily terminate a parent's parental rights, DCS must establish, *inter alia*, by clear and convincing evidence that:

(A) one (1) of the following exists:
(i) the child has been removed from the parent for at least six (6) months under a dispositional decree;
(ii) a court has entered a finding under IC 31-34-21-5.6 that reasonable efforts for family preservation or reunification are not required, including a description of the court's finding, the date of the finding, and the manner in which the finding was made; or
(iii) the child has been removed from the parent and has been under the supervision of a county office of family and children or probation department for at least fifteen (15) months of the most recent twenty-two (22) months, beginning with the date the child is removed from the home as a result of the child being alleged to be a child in need of

2

services or a delinquent child;

Ind. Code § 31-35-2-4(b)(2)(A).

DCS concedes that it failed to satisfy the requirements of any of the three above subsections and therefore acknowledges that it is not entitled to a judgment terminating Mother's parental rights. The juvenile court entered its dispositional decree on May 24, 2011. Before six months had passed, DCS filed its termination petitions on October 26, 2011, thereby failing to satisfy the requirements of subsection 35-35-2-4(b)(2)(A)(i). Moreover, because the Children were removed from Mother on March 1, 2011, DCS concedes that the requirements of subsection (iii) were not fulfilled at the time it filed its termination petitions.[1] Because DCS failed to satisfy the jurisdictional requirements of Indiana Code section 31-35-2-4(b)(2)(A), we reverse the juvenile court's termination of Mother's parental rights to the Children.

The judgment of the juvenile court is reversed.

RILEY, J., and BROWN, J., concur.

---

[1] Indiana Code section 31-35-2-4(b)(2)(A)(ii) is not implicated in this case.